OFFICE OF THE CLERK
**U.S. COURT OF APPEALS** .
**21400 UNITED STATES COURTHOUSE**
**601 MARKET STREET**
**PHILADELPHIA, PA. 19106**



**JUNE 30, 2023**

RE: *VERNON D.F. ROBBINS V. JOHN E. WETZEL, et al., CASE NO. 23-2051*
     *(DISTRICT COURT CASE NO. 1:23-CV-0276)*

**Dear Ms. Patricia S. Dodszuweit,**

Greetings. I, Vernon D.F. Robbins, send this correspondence letter, so that you are informed, per your office instructions, and in accordance with **FED.R.A.P. 4(a)(4)**, that this appellant previously submitted a **Rule 59(e) Motion** simultaneously with the **Notice Of Appeal** that was forwarded to this office **(See U.S. District Court Docket Sheet Entry No. 16 & 17, all as Exhibit-A)**. Subsequent to said filing, appellant received a response **Order** denying the merit of said motion (59(e)) given by the U.S. District Court on **June 8, 2023 (See Exhibit-A, Docket ("Doc.") entry #21)**. Appellant filed an additional **Notice Of Appeal ("NOA")** and accompanying documents to the **June 8, 2023** Distirct Court's Order on **June 19, 2023 (See cash slip dated the same as Exhibit-B)**.

Due to the completion of these filed processes, This Court now has plenary review and jurisdiction over both **Notice Of Appeal Orders** (filed on **June 7, 2023 & June 17, 2023**) and request that This Court review both NOA filings under this appeal as both NOA matters pertain to the "same" District Court Case caption above **(Case No. 1:23-CV-0276)**.

Please respond as soon as possible with any further instructions.

Thank you for your attention to this delicate matter and have a great day.

Sincerely,

Date: *JUNE 30, 2023*

**Hon. Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon, Pa. 16654-1112**

EXHIBIT-A

**United States District Court**
**Middle District of Pennsylvania (Harrisburg)**
**CIVIL DOCKET FOR CASE #: 1:23-cv-00276-CCC-LT**

Robbins v. Wetzel et al
Assigned to: Honorable Christopher C. Conner
Referred to: Pro Se Law Clerk LT
Case in other court: Third Circuit, 23-02051
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/15/2023
Date Terminated: 05/08/2023
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner Civil Rights (Prison Conditions)
Jurisdiction: Federal Question

**Plaintiff**

**Vernon D.F. Robbins**

represented by **Vernon D.F. Robbins**
GK 8880
SCI-Huntingdon
SPECIAL MAIL-OPEN ONLY IN THE PRESENCE OF THE INMATE
1100 Pike Street
Huntingdon, PA 16654
PRO SE

V.

**Defendant**

**John E. Wetzel**
*Former Secretary of Department of Corrections*

**Defendant**

**Dorina Varner**
*Chief Grievance Coordinator*

**Defendant**

**Keri Moore**
*Assistant Chief Grievance Coordinator*

**Defendant**

**Kevin Kauffman**
*Former Superintendent at SCI-Huntingdon*

**Defendant**

**Anthony Scalia**
*Safety Manager at SCI-Huntingdon*

**Defendant**

**George Ralston**
*Former Unit Manager at SCI-Huntingdon, In their
individual and in their official capacities*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2023 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 21 Order on Motion to Alter Judgment, 20 Memorandum (Order to follow as separate docket entry). Documents and Docket Sheet available through ECF. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (mw) (Entered: 06/08/2023) |
| 06/08/2023 | 21 | ORDER (Memorandum filed previously as separate docket entry) - it is hereby ORDERED that plaintiffs motion (Doc. 16) to alter judgment is DENIED. The Clerk of Court is directed to certify a supplemental record on appeal and notify the United States Court of Appeals for the Third Circuit of the supplemental record. |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/15/2023 | 1 | COMPLAINT against All Defendants lodged as no filing fee was paid and no Motion for In Forma Pauperis was filed, filed by Vernon D.K. Robbins. (Attachments: # 1 Exhibit A-Inmate's Request to Staff Member (Superintendent Kauffman), # 2 Exhibit B-Administrative Remedies Paperwork)(lp) (Entered: 02/15/2023) |
| 02/15/2023 | 2 | PRO SE LETTER ISSUED providing the case number and the AO 85 Notice & Consent Form. (Attachments: # 1 Notice of Consent, # 2 Instruction Sheet, # 3 Fed and Local Rules, # 4 398 Forms, # 5 399 Form) (lp) (Entered: 02/15/2023) |
| 02/15/2023 | 3 | THIRTY (30) DAY ADMINISTRATIVE ORDER directing the prisoner to pay the filing fee or file a signed Application to Proceed IFP within 30 days or case will be dismissed. Signed by LP on 02/15/2023.(lp) (Entered: 02/15/2023) |
| 03/07/2023 | 4 | AMENDED COMPLAINT against Kevin Kauffman, Keri Moore, George Ralston, Anthony Scalia, Donna Varner, John E. Wetzel, filed by Vernon D.F. Robbins. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F & G, # 7 Exhibit H & I, # 8 Exhibit J)(ao) (Entered: 03/07/2023) |
| 03/07/2023 | 5 | BRIEF IN SUPPORT by Vernon D.F. Robbins re 4 Amended Complaint. (ao) (Entered: 03/07/2023) |
| 03/13/2023 | 6 | (CERTIFIED) MOTION for Leave to Proceed in forma pauperis by Vernon D.F. Robbins. (ga) (Entered: 03/13/2023) |
| 03/13/2023 | 7 | Prisoner Trust Fund Account Statement by Vernon D.F. Robbins. (ga) (Entered: 03/13/2023) |
| 03/30/2023 | 8 | Proposed Summons by Vernon D.F. Robbins. (ga) (Entered: 03/30/2023) |
| 03/31/2023 | 9 | ORDER - it is hereby ORDERED that plaintiffs motion for leave to proceed in forma pauperis (Doc. 6) is GRANTED. On or before May 1, 2023, plaintiff shall show cause as to why this case should not be dismissed as untimely pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Signed by Honorable Christopher C. Conner on 3/31/2023. (mw) (Entered: 03/31/2023) |
| 04/25/2023 | 10 | RESPONSE by Vernon D.F. Robbins to Order did 3/31/23. (ao) (Entered: 04/25/2023) |
| 04/27/2023 | 11 | MOTION to Correct 10 Response by Vernon D.F. Robbins.(ao) (Entered: 04/27/2023) |
| 04/27/2023 | 12 | BRIEF IN SUPPORT by 11 MOTION to Correct 10 Response filed by Vernon D.F. Robbins. (ao) (Entered: 04/27/2023) |
| 05/05/2023 | | Receipt of payment from VERNON D.F. ROBBINS in the amount of $3.96 for Civil Filing Fee/PLRA/CCAM. Transaction posted on 5/4/2023, Receipt number 33310449 processed by EP. (jjs) (Entered: 05/05/2023) |
| 05/08/2023 | 13 | MEMORANDUM (Order to follow as separate docket entry). Signed by Honorable Christopher C. Conner on 5/8/2023. (mw) (Entered: 05/08/2023) |
| 05/08/2023 | 14 | ORDER (memorandum filed previously as separate docket entry) - it is hereby ORDERED that plaintiffs motion (Doc. 11) to correct clerical mistakes is GRANTED. Plaintiffs amended complaint (Doc. 4) is DISMISSED with prejudice as untimely. The Clerk of Court is directed to CLOSE this case. Signed by Honorable Christopher C. Conner on 5/8/2023. (mw) (Entered: 05/18/2023) |
| 05/18/2023 | 15 | REQUEST for Copy of a Docket Sheet (copy sent on 5/18/23) by Vernon D.F. Robbins. (ga) (Entered: 05/18/2023) |
| 06/07/2023 | 16 | MOTION to Alter or Amend a Judgment by Vernon D.F. Robbins. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(sh) (Entered: 06/07/2023) |
| 06/07/2023 | 17 | NOTICE OF APPEAL in Prisoner Case as to 14 Order (memorandum filed previously as separate docket entry), Order Dismissing Case, 13 Memorandum (Order to follow as separate docket entry) by Vernon D.F. Robbins. Filing Fee and Docket Fee NOT PAID. Filing Fee $505. Motion for IFP PENDING. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Attachments: # 1 IFP, # 2 Exhibit 1)(sh) (Entered: 06/07/2023) |
| 06/08/2023 | 18 | Supplemental Record on Appeal transmitted to US Court of Appeals re 17 Notice of Appeal. Documents and Docket Sheet available through ECF. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (sh) (Entered: 06/08/2023) |
| 06/08/2023 | 20 | MEMORANDUM (Order to follow as separate docket entry). Signed by Honorable Christopher C. Conner on 6/8/2023. (mw) (Entered: 06/08/2023) |
| | | Signed by Honorable Christopher C. Conner on 6/08/2023 |

PRISONER COPY
INMATE COPY

| DC-138A | | COMMONWEALTH OF PENNSYLVANIA |
|---------|--|------------------------------|
| **CASH SLIP** | | DEPARTMENT OF CORRECTIONS |

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|------------|--------------|----------|------|
| GK 8880 | HON. Kerry Robbins | CA 401 | 6-14-23 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

PLEASE DEDUCT THE COST OF POSTAGE FOR CERTIFIED LEGAL MAIL AS WELL AS, COPIES OF MY MONTHLY STATEMENT'S FOR MY IN FORMA PAUPERIS. APPLICATION FROM MY ACCOUNT. CERT'M RECEIPT

PLEASE SEND LEGAL MAIL RECEIPT

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURT HOUSE
601 MARKET STREET
PHILADELPHIA, PA. 19106-1790

7020 1290 0000 3363 9971

**3. INMATE'S SIGNATURE**     **4. OFFICIAL APPROVAL**

**5. BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED | DATE | BOOKKEEPER |
|----------------|------|------------|
| $ | | |

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| Certified Mail Fee | 4.15 | |
|--------------------|------|---|
| $ | 3.35 | 1625CH |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

| Postage | 1.08 | |
|---------|------|---|

Total Postage and Fees $  8.58

Sent To UNITED STATES COURT OF APPEALS
Street and Apt. No., or PO Box No. 601 MARKET STREET
21400 U.S. COURT HOUSE
City, State, ZIP+4® PHILADELPHIA, PA. 19106-1790

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 1290 0000 3363 9971

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VERNON D. F. ROBBINS,
           APPELLANT

V.

JOHN E. WETZEL, et al.,
           APPELLEES

NOTICE OF APPEAL

CIVIL ACTION NO. 1:23-CV-0276

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN THAT VERNON D.F. ROBBINS, PLAINTIFF IN THE ABOVE NAMED CASE, HEREBY APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT FROM THE DISTRICT COURT'S ORDER RENDERED ON THE 8TH DAY OF JUNE, 2023, DUE TO THE DENIAL OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 59(e), AS WELL AS, THE DISTRICT COURT'S ORDER RENDERED ON THE 8TH DAY OF MAY, 2023, PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A, IN WHICH THE DISTRICT COURT ASSERTS THAT PLAINTIFF'S AMENDED COMPLAINT IS DISMISSED WITH PREJUDICE AS UNTIMELY. THE AFOREMENTIONED ORDER IS ATTACHED HERETO FOR THE RECORD.

DATE: 6-17-23

VERNON D.F. ROBBINS GK8880
1100 PIKE STREET
HUNTINGDON, PA. 16654-1112

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Vernon D.F. Robbins,                  :
        Appellant                 :
        V.                        :
                        :        **Notice of Appeal**

John E. Wetzel, et al.,               :        **Civil Action No. 1:23-CV-0276**
        Appellees                 :


## FEDERAL RULES OF APPELLATE PROCEDURE,
## RULE 10. THE RECORD ON APPEAL

A **Notice of Appeal** having been filed in this matter- it is hereby

**REQUESTED** that an **Order** be issued to furnish appellants with a copy of the

transcripts in this matter in accordance with **Fed.R.App.Proc. Rule 10(a)(1)**

through **(3)**. Appellant is proceeding pro se and In Forma Pauperis.


Date: 6 / 17 / 23

**Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon,Pa.16654-1112**

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Vernon D.F. Robbins,                    :
        Appellant               :
        V.                      :
                                :        **Notice of Appeal**
John E. Wetzel, et al.,                 :        **Civil Action No. 1:23-CV-0276**
        Appellees               :

### APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

An **Appeal** having been filed in this matter, the **Appellant** hereby verifies

that he has been proceeding **In Forma Pauperis** pursuant to **28 U.S.C. § 1915** in

this matter and his circumstances have not changed other than the fact that he

now receives nominal income from prison wages that amount to no more than

**$17.00** per month.

WHEREFORE, Appellant prays this Honorable Court grant this application.


Date: 6 / 17 / 23

**Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon,Pa.16654-1112**

3

## CERTIFICATE OF SERVICE

Plaintiff **Vernon D.F. Robbins** hereby **certifies** that he is, on this _17TH_ day

of ___JUNE___ , **2023**, serving this **Notice of Appeal, Federal Rules of Appellate**

**Procedure, Rule 10**. The **Record on Appeal**, and **Application to Proceed In Forma**

**Pauperis on Appeal** upon the below persons which are indicated as follows:

**Office of the Clerk**
**United States District Court**
**Sylvia H. Rambo United States Courthouse**
**1501 North 6th Street, Suite 101**
**Harrisburg, Pa. 17102**

**Date:** _6_ / _17_ / _23_

**Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon, Pa. 16654-1112**

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | **CIVIL ACTION NO. 1:23-CV-276** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of June, 2023, for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 16) to alter judgment is DENIED.

2. The Clerk of Court is directed to certify a supplemental record on
   appeal and notify the United States Court of Appeals for the Third
   Circuit of the supplemental record.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VERNON D.F. ROBBINS,     :    CIVIL ACTION NO. 1:23-CV-276

       Plaintiff     :    (Judge Conner)

      v.     :

JOHN E. WETZEL, *et al.,*     :

       Defendants     :

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Vernon D.F. Robbins, a prisoner in the Huntingdon State Correctional Institution ("SCI-Huntingdon"), alleges violations of his civil rights by SCI-Huntingdon and Pennsylvania Department of Corrections ("DOC") officials. The court dismissed the case with prejudice as untimely pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A on May 8, 2023. Robbins has filed a motion to alter the judgment. We will deny the motion.

## I.    Factual Background & Procedural History

Robbins filed his complaint on February 8, 2023, and the court received and docketed the complaint on February 15, 2023. (Doc. 1). He filed an amended complaint on February 28, 2023. (Doc. 4). The amended complaint alleges that the conditions of Robbins's confinement increase the risk that he will contract COVID-19. (Id.) On March 31, 2023, the court *sua sponte* raised the issue of timeliness and directed Robbins to show cause as to why the case should not be dismissed as

untimely. (Doc. 9). After considering Robbins's response, the court dismissed the case with prejudice as untimely on May 8, 2023. (Docs. 13-14).

The court's memorandum dismissing the case noted that Robbins's civil rights claims are governed by Pennsylvania's two-year statute of limitations for personal injury actions. (Doc. 13 at 4). We concluded that the limitations period began to run on September 23, 2020, the date Robbins was released from the restricted housing unit and allegedly was subjected to unconstitutional conditions of confinement in general population. (Id.) Because the complaint was filed approximately 29 months after that date, we found that it was facially untimely and subject to dismissal unless it could be deemed timely on the basis of statutory or equitable tolling. (Id. at 5).

We found that the limitations period was statutorily tolled from October 15, 2020 to February 9, 2021 while Robbins pursued administrative remedies. (Id.) We noted Robbins's argument that the complaint is timely because it was filed on February 8, 2023, one day before the limitations period would have expired if it had begun on February 9, 2023, but rejected the argument, noting that tolling pauses a limitations period and does not restart the limitations period. (Id.) Thus, because 22 days had already elapsed towards the end of the limitations period between September 23, 2020 and October 15, 2020, Robbins's complaint "needed to be filed within 708 days of February 9, 2021, or no later than January 18, 2023" to comply with the limitations period. (Id. at 6).

Robbins argued that the court should have deemed 15 days to have elapsed towards the limitations period before October 15, 2020 rather than 22 days because

2

the DOC calculates the deadline for a prisoner to file a grievance based on working days rather than calendar days and only 15 working days had elapsed during that period. (Id.) We found this distinction immaterial because the complaint would be untimely whether the elapsed period was calculated as 22 days or 15 days. (Id.)

We additionally found that statutory tolling did not apply to the period between September 23, 2020 and October 15, 2020. (Id. at 7 n.6). We noted that we were unaware of any controlling precedent applying statutory tolling to the period between an underlying incident and the filing of a prisoner's grievance. (Id.) Given the absence of controlling precedent, we relied on our prior decision in Edens v. White, No. 1:18-CV-678, 2020 WL 1531220, at *4 (M.D. Pa. Mar. 31, 2020), which concluded that statutory tolling begins on the date the plaintiff files his grievance and not on the date of the underlying incident. (Doc. 13 at 7 n.6). Finally, we found that Robbins was not entitled to equitable tolling because he had not advanced any equitable tolling arguments. (Id. at 7-8).

Robbins filed the instant motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) on June 1, 2023, and the court received and docketed the motion on June 7, 2023. (Doc. 16). Robbins has additionally appealed our decision to the United States Court of Appeals for the Third Circuit. (Docs. 17-18). The court considers Robbins's arguments for reconsideration below.

## II.    Legal Standard

Motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d

121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir.

2010)); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999);

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Parties may not invoke

motions to alter or amend judgment to "relitigate old matters" or present previously

available arguments or evidence. See Exxon Shipping Co. v. Baker, 554 U.S. 471,

485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d

375, 378 (M.D. Pa. 2010).

## III.   Discussion

We liberally construe Robbins's motion to advance five arguments for

reconsideration. We address these arguments *seriatim*.

Robbins's first argument is that the court committed a clear error of law in

deeming his complaint untimely because none of his administrative grievances or

appeals were rejected as untimely by the DOC. (Doc. 16 at 6). This argument is

immaterial. Timeliness of an administrative grievance may be relevant to whether

a prisoner plaintiff has exhausted administrative remedies, but it is irrelevant to the

question of whether his complaint in federal court is timely.

The second argument for reconsideration is that the court erred by

concluding that the limitations period began to run on September 23, 2020 because

Robbins did not state on the face of his amended complaint that he was aware of his

injury on September 23, 2020. (Id.)

We find this argument unpersuasive. Robbins clearly alleged facts in his

amended complaint and attached exhibits indicating that he was subjectively aware

4

of his alleged injury—the increased risk of contracting COVID-19—beginning on September 23, 2020. (See Doc. 4 ¶ 13 ("On September 23, 2020, Plaintiff Robbins was released from the Restricted Housing Unit . . . and placed in a double cell with another inmate on CA-Unit within SCI Huntingdon during the height of the COVID-19 pandemic of which subjected Robbins to the high risk, imminent and immediate danger of contracting the COVID-19 virus." (minor spelling errors corrected)); Doc. 4-4 at 2 ("On 9/23/20, I was released from the Restricted Housing Unit . . . and placed on CA Unit in cell 2013 with a cellmate and/or "double-celled" with another individual. This form/type of placement subjects me to immediate danger of contracting the COVID-19 virus . . . by being housed in a cell with another prisoner which creates the inability to practice social distancing.").)

Robbins next argues that the court committed a clear error of law by citing nonprecedential decisions of our court of appeals for the proposition that courts may dismiss complaints as untimely under the screening provisions of 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A "if the untimeliness is clear from the face of the complaint or the court has given the plaintiff notice and an opportunity to respond with respect to the timeliness issue." (Id. at 8 (citing Doc. 13 at 4)). Robbins argues this statement is contrary to controlling precedent stating that complaints may only be dismissed as untimely at the pleading stage if the untimeliness is apparent from the face of the complaint. (Id. at 9). This distinction is immaterial because the untimeliness of Robbins's claims is apparent from the face of his complaint. Hence, we find this is not an appropriate basis for reconsideration.

5

Robbins's fourth argument is that the court erred in finding that no controlling precedent applied statutory tolling to the time between an underlying incident and the plaintiff filing a grievance because both <u>Paluch v. Sec'y Pa. Dep't of Corrs.</u>, 442 F. App'x 690 (3d Cir. 2011) and <u>Wisniewski v. Fisher</u>, 857 F.3d 152 (3d Cir. 2017) did so. (Doc. 16 at 9-10).

Robbins misconstrues <u>Paluch</u> and <u>Wisniewski</u>. In <u>Paluch</u>, a prisoner plaintiff brought suit based on an alleged assault on September 9, 2004 and the district court dismissed several of his claims as untimely. <u>Paluch</u>, 442 F. App'x at 693-94. The court of appeals affirmed, noting in relevant part that the limitations period for the plaintiff's complaint was tolled from September 10, 2004, when he filed a grievance about the assault, to January 24, 2005, when his final administrative appeal was denied. <u>Id.</u> at 694. <u>Paluch</u> is distinguishable from the instant case because the plaintiff in <u>Paluch</u> filed a grievance the day after the assault in question, meaning that no time accrued towards the end of the limitations period before the filing of his grievance. <u>See</u> FED. R. CIV. P. 6(a)(1)(A) (noting that when a time period is stated in days, courts must "exclude the day of the event that triggers the period" when calculating the period).

In <u>Wisniewski</u>, a prisoner plaintiff who was employed as an inmate legal reference aide alleged that numerous defendants violated his constitutional rights after learning that he was assisting a "notoriously litigious" inmate in filing grievances against prison officials. <u>Wisniewski</u>, 857 F.3d at 154. The district court dismissed several of the plaintiff's claims as untimely, but the court of appeals reversed. The court noted that the limitations period is tolled while an inmate

pursues administrative relief and stated that the allegations of the plaintiff's complaint "did not rule out the possibility that the statute of limitations should have been tolled while Wisniewski exhausted his administrative remedies." Id. at 158. "For example," the court continued, "Wisniewski alleged multiple instances of retaliatory conduct from approximately April 2011 through November 2011, during which time he was also filing numerous related grievances." Id. Given this uncertainty, the court found that it was not apparent from the face of the complaint that the plaintiff's claims were untimely. Id.

Wisniewski does not hold that statutory tolling applies to the period between an underlying incident and the filing of a grievance. Instead, it stands for the well-established proposition that the limitations period is tolled while a prisoner pursues administrative remedies. See id. at 158. The Wisniewski court overruled dismissal of the case on timeliness grounds because it was not clear from the face of the complaint whether tolling applied to the facts of the case. But no such lack of clarity is present in this case: the court has found, and Robbins agrees, that he pursued administrative remedies from October 15, 2020 to February 9, 2021 and that the limitations period was tolled for the entirety of this period. (See Doc. 13 at 5). Robbins argues that tolling should also encompass the 22-day period between when he was removed from the RHU and when he filed his grievance on October 15, 2020, but Wisniewski and Paluch are silent on this point.

Finally, Robbins argues that our reliance on our prior decision in Edens constitutes legal error because our paraphrased statement of the Edens holding does not appear in Edens and because Edens was decided at the summary

judgment stage rather than the screening stage. (Id. at 10-11). Robbins argues this distinction is material because summary judgment proceedings are based on a full evidentiary record while screening reviews are based solely on the allegations in the complaint. (Id. at 11).

This argument is without merit. Our decision in this case summarized <u>Edens</u> in an explanatory parenthetical as "holding that [the] limitations period was tolled beginning on the date plaintiff filed [his] grievance and that seven calendar days that elapsed prior to filing the grievance were therefore deducted from the limitations period that remained after the statutory tolling period ended, meaning that plaintiff needed to file his complaint within 723 days of the statutory tolling period ending." (<u>See</u> Doc. 13 at 7 n.6). This is an accurate summary of <u>Edens</u>, where we stated the following:

> It is undisputed that Edens knew or should have known of the loss of his legal materials on December 23, 2015, when he spoke to defendant White. Therefore, the statute of limitations began running on that date. Absent any tolling, the limitations period would have expired on or about December 26, 2017. However, the period was tolled from December 30, 2015 through March 4, 2016, the time that Edens pursued administrative relief through the grievance process. When the limitations period began running again, there were approximately 723 days of the two-year filing period remaining, resulting in a required filing date of February 26, 2018.

<u>Edens</u>, 2020 WL 1531220, at *4.[1]

It is also immaterial that <u>Edens</u> was decided at the summary judgment stage. The court cited <u>Edens</u> for the legal rule that the limitations period for a Section 1983 claim is not tolled between the date of the underlying incident and the date the plaintiff files an administrative grievance. This rule applies at all stages of litigation; it is not limited to cases with a developed summary judgment record.

## IV.    Conclusion

We will deny Robbins's motion to alter judgment because he has not presented any meritorious arguments to reconsider our prior decision dismissing this case as untimely. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 8, 2023

---

[1] It appears that Robbins may also be arguing that the court erred because the wording of the explanatory parenthetical summarizing <u>Edens</u> did not directly quote <u>Edens</u>. (<u>See</u> Doc. 16 at 11 ("[T]he citing of this said specific excerpt within <u>Eden[s]</u> . . . would be a misapplication of law for said cited above excerpt is not found/identified and/or not located at the case citing specified by this Court.").) This argument is frivolous. Paraphrasing the holding of a prior decision is a common and accepted practice in legal citations. <u>See, e.g.</u>, THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.5(a)(i), at 65 (Columbia L. Rev. Ass'n et al. eds. 21st ed. 2020).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | **CIVIL ACTION NO. 1:23-CV-276** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 8th day of May, 2023, upon review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 11) to correct clerical mistakes is GRANTED.

2. Plaintiff's amended complaint (Doc. 4) is DISMISSED with prejudice as untimely.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | **CIVIL ACTION NO. 1:23-CV-276** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Vernon D.F. Robbins, a prisoner in the Huntingdon State Correctional Institution ("SCI-Huntingdon"), alleges violations of his civil rights by SCI-Huntingdon and Pennsylvania Department of Corrections ("DOC") officials. Recognizing that the case appeared to be untimely pursuant to the two-year statute of limitations governing Section 1983 civil rights claims, we issued an order on March 31, 2023 raising *sua sponte* the issue of timeliness and directing Robbins to show cause as to why the case should not be dismissed as untimely. Robbins responded to the order on April 25, 2023. Having considered Robbins's response under the screening provisions of 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, we will dismiss this case with prejudice as untimely.

## I.    Factual Background & Procedural History

Robbins alleges that the conditions of his confinement—including double celling of inmates, an inoperable ventilation system, the lack of a master electronic locking system for cells, inadequate infirmary facilities, inadequate medical care,

overcrowding, understaffing, and inadequate social distancing measures—increase the risk that he will contract COVID-19. (See Doc. 4). Robbins sought administrative relief to remedy these claims through the filing of a prison grievance on October 15, 2020. (Doc. 4-4 at 2). His grievance was denied, and he unsuccessfully appealed the grievance through all stages of the DOC's administrative remedy process. (Id. at 4-8).[1] The administrative remedy process concluded on February 9, 2021, when the DOC's secretary's office of inmate grievances and appeals ("SOIGA") denied Robbins's final appeal. (Id. at 8).

Robbins filed his initial complaint on February 8, 2023, and the court received and docketed the complaint on February 15, 2023. (Doc. 1 at 16). The court issued a 30-day administrative order on February 15, 2023, requiring plaintiff to pay the requisite filing fee or move for leave to proceed *in forma pauperis* within 30 days. (Doc. 3). Plaintiff amended his complaint on March 7, 2023 and moved to proceed *in forma pauperis* on March 13, 2023. (Docs. 4, 6).

On March 31, 2023, the court granted plaintiff's request to proceed *in forma pauperis* and *sua sponte* raised the issue of timeliness, directing Robbins to show cause on or before May 1, 2023 as to why the case should not be dismissed as untimely. (Doc. 9). Robbins timely responded to the order on April 25, 2023, and moved to correct a clerical error in his response on April 27, 2023. (Docs. 10-11).

---

[1] This information is provided solely to determine the amount of time when the limitations period was tolled pursuant to Robbins's attempt to exhaust administrative remedies. Nothing in this opinion shall be construed as the court's ruling on the issue of whether plaintiff exhausted administrative remedies with respect to his claims.

Robbins's arguments as to why the case should not be dismissed are considered below.

## II.    **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

district courts may *sua sponte* dismiss complaints as untimely pursuant to the

screening provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A if the untimeliness is

clear from the face of the complaint or the court has given the plaintiff notice and

an opportunity to respond with respect to the timeliness issue. See, e.g., Jackson v.

Rodriguez, 728 F. App'x 78, 79 (3d Cir. 2018) (nonprecedential);[4] McPherson v.

United States, 392 F. App'x 938, 943 (3d Cir. 2010) (nonprecedential); Haggard v.

Mitkowski, No. 1:22-CV-1881, 2022 WL 17812445, at *4 (M.D. Pa. Dec. 19, 2022)

(Conner. J.).

## III.  Discussion

Section 1983 civil rights complaints brought by inmates in Pennsylvania are

governed by Pennsylvania's two-year statute of limitations for personal injury

actions. Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). The limitations

period begins to run on the date that the plaintiff knew, or should have known, of

the injury upon which the claim is based. Id. (citing Sameric Corp. of Del. v. City of

Phila., 142 F.3d 582, 599 (3d Cir. 1998)).

We find that the two-year limitations period for Robbins's claim began to run

on September 23, 2020, the date Robbins was released from SCI-Huntingdon's

restricted housing unit and placed in the general population cell where he was

allegedly subjected to unconstitutional conditions of confinement. (See Doc. 4-4 at

---

[4] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

2). Because Robbins filed his complaint approximately 29 months later, on

February 8, 2023, it is facially untimely and subject to dismissal unless it can be

deemed timely pursuant to statutory tolling or equitable tolling.

The limitations period for a Section 1983 action is statutorily tolled while a

prisoner plaintiff attempts to exhaust administrative remedies. Pearson v. Sec'y

Dep't of Corrs., 775 F.3d 598, 603 (3d Cir. 2015). We find, and Robbins agrees, that

the limitations period for his complaint was tolled from October 15, 2020 to

February 9, 2021 while he completed the DOC's grievance process. (See Doc. 4-4;

Doc. 10 at 3; Doc. 11 at 1; Doc. 12 at 1).[5]

Robbins argues that because the limitations period was tolled from October

15, 2020 to February 9, 2021, the court should deem the limitations period to have

started on February 9, 2021. (Doc. 10 at 3). He asserts that his complaint is timely

because it was filed on February 8, 2023, one day before the limitations period

would have expired if it began on February 9, 2021. (Id.)

Robbins's argument misapprehends the effect of tolling on a limitations

period. Tolling a limitations period *pauses* it or holds it in abeyance; it does not

*restart* the limitations period. See Artis v. District of Columbia, 583 U.S. __, 138 S.

Ct. 594, 601 (2018) ("Ordinarily, 'tolled,' in the context of a time prescription . . .

---

[5] Plaintiff's original response to the court's show-cause order states that the tolling period began on October 25, 2020. (See Doc. 10). Plaintiff notes in his motion to correct the response and supporting brief that this was a clerical error and that the actual date the tolling period began was October 15, 2020. (See Doc. 12 at 1). We agree that October 15, 2020 is the correct date and will accordingly grant his motion to correct his response. October 15, 2020 will be treated as the beginning of the statutory tolling period throughout this opinion.

means that the limitations period is suspended (stops running) while the claim is *sub judice* elsewhere, then starts running again when the tolling period ends, picking up where it left off."); cf. Lozano v. Montoya Alvarez, 572 U.S. 1, 10 (2014) (noting that equitable tolling doctrine "pauses the running of" a statute of limitations). When a period of statutory tolling ends, petitioners must file their petitions within two years minus the time that already accrued towards the end of the limitations period prior to statutory tolling. See Artis, 138 S. Ct. at 601.

Because 22 days elapsed towards the end of the limitations period between Robbins being released from the restricted housing unit on September 23, 2020 and filing his grievance on October 15, 2020, his complaint needed to be filed within 708 days of February 9, 2021, or no later than January 18, 2023 to comply with the two-year limitations period. His complaint, which was not filed until February 8, 2023, is untimely.

Robbins argues that the court has miscalculated the amount of time that accrued towards the end of the limitations period before he filed his grievance because DOC policy calculates the time in which an inmate may file a grievance based on working days after an incident rather than calendar days. (Doc. 10 at 2). According to Robbins, the court should deem 15 days—the amount of working days that accrued before he filed his grievance—to have elapsed towards the limitations period rather than 22 days. (Id.) This argument is immaterial. Assuming, *arguendo*, that 15 days elapsed towards the limitations period rather than 22 days,

his complaint would still need to be filed no later than January 25, 2023 and would still be untimely by 14 days.[6]

Robbins is not entitled to equitable tolling of the limitations period. Equitable tolling for Section 1983 actions is governed by state law. Pearson v. Sec'y Dept. of Corrs., 775 F.3d 598, 602 (3d Cir. 2015). Pennsylvania law allows a statute of limitations to be equitably tolled "when a party, through no fault of its own, is unable to assert its right in a timely manner." Nicole B. v. Sch. Dist. of Phila., 237 A.3d 986, 995 (Pa. 2020) (citing DaimlerChrysler Corp. v. Commonwealth, 885 A.2d 117, 119 n.5 (Pa. Commw. Ct. 2005)). Plaintiffs bear the burden of proof to show that the limitations period should be tolled under Pennsylvania law. Swietlovich v. Bucks Cnty., 610 F.2d 1157, 1162 (3d Cir. 1979). Robbins has not advanced any argument for equitable tolling and has accordingly failed to meet that burden. Robbins's complaint is untimely, and he has

---

[6] Robbins agrees that statutory tolling for his limitations period began on October 15, 2020. (See Doc. 10 at 3; Doc. 12 at 1). Hence, we do not construe his response to argue that the limitations period was tolled for the 15 working days prior to the filing of the grievance when he was permitted to file a grievance but had not yet done so. But even if the response were liberally construed to raise this argument, we would reject the argument. Our court of appeals has held that the limitations period for a Section 1983 action is statutorily tolled while a prisoner plaintiff exhausts administrative remedies, see Pearson, 775 F.3d at 603, but we are not aware of any decision from the court of appeals or the Supreme Court applying statutory tolling to the period between the underlying incident and the filing of the prisoner's grievance. This court has previously concluded that statutory tolling begins on the date the prisoner files his grievance. See Edens v. White, No. 1:18-CV-678, 2020 WL 1531220, at *4 (M.D. Pa. Mar. 31, 2020) (holding that limitations period was tolled beginning on the date plaintiff filed grievance and that seven calendar days that elapsed prior to filing the grievance were therefore deducted from the limitations period that remained after the statutory tolling period ended, meaning that plaintiff needed to file his complaint within 723 days of the statutory tolling period ending). We see no reason to depart from the *ratio decidendi* of Edens and accordingly conclude that the limitations period was not tolled between September 23, 2020 and October 15, 2020.

not advanced any arguments for equitable tolling. Consequently, we will dismiss the complaint.

## IV.    Conclusion

We will dismiss this case with prejudice as untimely pursuant to 28 U.S.C. 1915(e)(2) and 28 U.S.C. § 1915A.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    May 8, 2023



INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

US POSTAGE ~PITNEY BOWES

ZIP 16652 $ 009.96°
0000372161 JUL 05 2023

CERTIFIED MAIL

7022 0410 0001 4478 9575

HON. VERNON ROBBINS
GK8880
SMART COMMUNICATIONS/PA DOC
PO BOX 33028
ST. PETERSBURG, FL 33733

RECEIVED
JUL 1 0 2023
U.S.C.A. 3rd CIR

MS. PATRICIA S. DODSZUWEIT
OFFICE OF THE CLERK
U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA. 19106



U.S.M.S.
X-RAY