## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT



| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | |
| **APPELLANT** | : | |
| **V.** | : | **CASE NUMBER: 23-2051** |
| | : | **(DISTRICT COURT CASE NO.** |
| **JOHN E. WETZEL, et al.,** | : | **1:23-CV-0276)** |
| **APPELLEES** | : | |

### APPELLANT'S ARGUMENT IN
### SUPPORT OF APPEAL

**AND NOW**, Appellant Vernon D.F. Robbins, pro se, moves to file an Argument in Support of an Appeal being permissable and granted to proceed as being appropriate pursuant to **Third Circuit L.A.R. 27.4 and I.O.P. 10.6.**

### PROCEDURAL AND FACTUAL HISTORY

**1.** On **May 8, 2023,** the District Court issued an **Order and Memorandum** dismissing (with prejudice) Appellant's Amended Complaint **(Doc. 4)** as untimely, and directed the Clerk of Court to close the case.

**2.** On **June 7, 2023,** Appellant Robbins submitted a timely **59(e) Motion to Alter or Amend a Judgment**, which was accepted as timely filed by the District Court, along with filing the **Notice of Appeal ("NOA")** with attached instructions that requested the NOA, along with the **Record On Appeal (F.R.A.P. 10), and In Forma Pauperis Application**, all be held in abeyance until a decision is rendered on the 59(e) motion.

1

**3.** On **June 8, 2023**, The District Court issued an **Order and Memorandum** denying Appellant's 59(e) Motion To Alter or Amend a Judgment **(See District Court's June 8, 2023 Order and Memorandum attached as Exhibit-A)** ; and directed the Clerk of Court to certify the Supplemental Record on Appeal; and notify the United States Court Of Appeals for the Third Circuit of the supplemental record.

**4.** On **June 17, 2023**, Appellant filed an **additional Notice Of Appeal, Record On Appeal (F.R.A.P. 10), and Application to Proceed In Forma Pauperis (28 U.S.C. § 1915)** from the District Court's June 8, 2023 Order denying Appellant's 59(e) motion.

**5.** On **June 30, 2023**, Appellant's Application to Proceed In Forma Pauperis was *granted* by This Court.

## MEMORANDUM IN SUPPORT

In accordance with **Federal Rules of Civil Procedure, Rule 59(e)**, it states: "A prematurely filed appeal during the pendency of a Rule 59(e) Motion is **held in abeyance** until the date the District Court resolves the pending motion." (underline emphasis added)**(See Fed.R.Civ.P. 59(e) attached as Exhibit-B)**. A hold in abeyance pending a Rule 59(e) motion is supported by case **Stansel v. Revolutionary Armed Forces of Columbia, 771 F.3d 713, 745-46 (11th Cir. 2014).** It is also supported by the **Federal Rules of Appellate Procedure, Rule 4(a)(2)**, which establishes: **"(2) Filing Before Entry of Judgment.** 'A notice of appeal filed after the court announces a decision or order- but before the entry of the judgment or order- is treated as filed on the date of and after the entry.' **(See F.R.A.P. 4(a)(2) attached as Exhibit-C)**. A stay in abeyance in support of this process is accepted by rulings held in **Plesh v.Director, Office of Workers' Compensation Programs U.S. Dept. of Labor, 71 F.3d 103, 111 (3d Cir. 1995)(citing Hodge v.Hodge, 507 F.2d 87, 89 (3d Cir. 1975)).** Appellant filed his NOA (and accompanying documents)(dated June 7, 2023) simultaneously with the 59(e) motion of the same date.

**2**

Due to the District Court's acceptance of Appellant's 59(e) motion and subsequent June 8, 2023 ruling, **Banister v Davis, 140 S.Ct. 1698, 1703 (2020)**, confirms: "Once a timely ruled 59(e) motion is filed, there is no longer a final judgment to appeal from **(See Nutraceutical Corp. v Lambert, 139 S.Ct. 710, 717, 203 L.Ed. 2d 42 (2019).** Also, see **F.R.A.P., Rule 4(a)(4)(A)(IV)(Exhibit-D)**. Appellant acknowledges that the acceptance of the 59(e) motion restarts the time to appeal from the June 8, 2023 District Court's Order; though, Appellant has cured any current jurisdictional deficiencies, deprivation, or shortages authorized by This Court by Appellant's June 8, 2023 Order.

So, with the June 8, 2023 response Order and Memorandum opinion being given to Appellant's 59(e) motion, said Order constitutes a "final decision" by the District Court which concludes any and all claims against all Defendants in Appellant's case. Appellant's Notice of Appeal (and accompanying documents mentioned above) taken on **June 17, 2023**, was filed **within 30 days** of the District Court's June 8, 2023 Order, and is, thereby, timely **(See Exhibit-E)**. This said Court of Appeals now has plenary jurisdiction to review the District Court's June 8, 2023 Final Judgment decision and all other previous Orders by said District Court presented by Appellant in the appellate case herein (no. 23-2051). In accordance with **28 U.S.C. § 1291**, This Court has the jurisdiction and inherent power to consolidate Appellant's June 7 & 17, 2023 Notice of Appeal, Records on Appeal (F.R.A.P. 10), and In Forma Pauperis Applications so that all Orders **(June 8, 2023; May 8, 2023; and March 31,2023)** are brought on appeal under case no. 23-2051, as they all pertain to the same previous case under **District Court No. 1:23-CV-0276.**

## CONCLUSION

For the aforementioned reasons, Appellant requests that This Court determine that **Summary Action** under **Third Circuit L.A.R. 27.4 and I.O.P. 10.6** is appropriate and ripe for appellate review and brief submittal.

Respectfully submitted,

Date: JULY 11, 2023

**Hon. Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon, Pa. 16654-**
                        **1112**

4

## VERIFICATION

Appellant hereby certifies that the following information is true and correct, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief. Appellant understands that any false statement answer to any question in this verified statement will subject him to penalties provided by misdemeanor.

## CERTIFICATE OF SERVICE

Appellant hereby certifies that on this **11TH** **day of** __JULY__ , **2023**, Appellant caused the foregoing Appellant's Argument in Support of Appeal to be served upon the following persons indicated below:

**Office of the Clerk**
**United States Court of Appeals for the Third Circuit**
**21400 U.S. Courthouse**
**601 Market Street**
**Philadelphia, Pa. 19106**

**Sean A. Kirkpatrick**
**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, Pa. 17120**

**Respectfully Submitted,**

Date: __JULY 11, 2023__

**Hon. Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon, Pa. 16654-1112**

5

EXHIBIT~A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | **CIVIL ACTION NO. 1:23-CV-276** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **JOHN E. WETZEL,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 8th day of June, 2023, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  Plaintiff's motion (Doc. 16) to alter judgment is DENIED.

2.  The Clerk of Court is directed to certify a supplemental record on appeal and notify the United States Court of Appeals for the Third Circuit of the supplemental record.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | **CIVIL ACTION NO. 1:23-CV-276** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Vernon D.F. Robbins, a prisoner in the Huntingdon State Correctional Institution ("SCI-Huntingdon"), alleges violations of his civil rights by SCI-Huntingdon and Pennsylvania Department of Corrections ("DOC") officials. The court dismissed the case with prejudice as untimely pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A on May 8, 2023. Robbins has filed a motion to alter the judgment. We will deny the motion.

### I.   Factual Background & Procedural History

Robbins filed his complaint on February 8, 2023, and the court received and docketed the complaint on February 15, 2023. (Doc. 1). He filed an amended complaint on February 28, 2023. (Doc. 4). The amended complaint alleges that the conditions of Robbins's confinement increase the risk that he will contract COVID-19. (Id.) On March 31, 2023, the court *sua sponte* raised the issue of timeliness and directed Robbins to show cause as to why the case should not be dismissed as

untimely. (Doc. 9). After considering Robbins's response, the court dismissed the case with prejudice as untimely on May 8, 2023. (Docs. 13-14).

The court's memorandum dismissing the case noted that Robbins's civil rights claims are governed by Pennsylvania's two-year statute of limitations for personal injury actions. (Doc. 13 at 4). We concluded that the limitations period began to run on September 23, 2020, the date Robbins was released from the restricted housing unit and allegedly was subjected to unconstitutional conditions of confinement in general population. (Id.) Because the complaint was filed approximately 29 months after that date, we found that it was facially untimely and subject to dismissal unless it could be deemed timely on the basis of statutory or equitable tolling. (Id. at 5).

We found that the limitations period was statutorily tolled from October 15, 2020 to February 9, 2021 while Robbins pursued administrative remedies. (Id.) We noted Robbins's argument that the complaint is timely because it was filed on February 8, 2023, one day before the limitations period would have expired if it had begun on February 9, 2023, but rejected the argument, noting that tolling pauses a limitations period and does not restart the limitations period. (Id.) Thus, because 22 days had already elapsed towards the end of the limitations period between September 23, 2020 and October 15, 2020, Robbins's complaint "needed to be filed within 708 days of February 9, 2021, or no later than January 18, 2023" to comply with the limitations period. (Id. at 6).

Robbins argued that the court should have deemed 15 days to have elapsed towards the limitations period before October 15, 2020 rather than 22 days because

the DOC calculates the deadline for a prisoner to file a grievance based on working days rather than calendar days and only 15 working days had elapsed during that period. (Id.) We found this distinction immaterial because the complaint would be untimely whether the elapsed period was calculated as 22 days or 15 days. (Id.)

We additionally found that statutory tolling did not apply to the period between September 23, 2020 and October 15, 2020. (Id. at 7 n.6). We noted that we were unaware of any controlling precedent applying statutory tolling to the period between an underlying incident and the filing of a prisoner's grievance. (Id.) Given the absence of controlling precedent, we relied on our prior decision in Edens v. White, No. 1:18-CV-678, 2020 WL 1531220, at *4 (M.D. Pa. Mar. 31, 2020), which concluded that statutory tolling begins on the date the plaintiff files his grievance and not on the date of the underlying incident. (Doc. 13 at 7 n.6). Finally, we found that Robbins was not entitled to equitable tolling because he had not advanced any equitable tolling arguments. (Id. at 7-8).

Robbins filed the instant motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) on June 1, 2023, and the court received and docketed the motion on June 7, 2023. (Doc. 16). Robbins has additionally appealed our decision to the United States Court of Appeals for the Third Circuit. (Docs. 17-18). The court considers Robbins's arguments for reconsideration below.

## II.    Legal Standard

Motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Parties may not invoke motions to alter or amend judgment to "relitigate old matters" or present previously available arguments or evidence. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010).

## III.    Discussion

We liberally construe Robbins's motion to advance five arguments for reconsideration. We address these arguments *seriatim*.

Robbins's first argument is that the court committed a clear error of law in deeming his complaint untimely because none of his administrative grievances or appeals were rejected as untimely by the DOC. (Doc. 16 at 6). This argument is immaterial. Timeliness of an administrative grievance may be relevant to whether a prisoner plaintiff has exhausted administrative remedies, but it is irrelevant to the question of whether his complaint in federal court is timely.

The second argument for reconsideration is that the court erred by concluding that the limitations period began to run on September 23, 2020 because Robbins did not state on the face of his amended complaint that he was aware of his injury on September 23, 2020. (Id.)

We find this argument unpersuasive. Robbins clearly alleged facts in his amended complaint and attached exhibits indicating that he was subjectively aware

4

of his alleged injury—the increased risk of contracting COVID-19—beginning on September 23, 2020. (See Doc. 4 ¶ 13 ("On September 23, 2020, Plaintiff Robbins was released from the Restricted Housing Unit . . . and placed in a double cell with another inmate on CA-Unit within SCI Huntingdon during the height of the COVID-19 pandemic of which subjected Robbins to the high risk, imminent and immediate danger of contracting the COVID-19 virus." (minor spelling errors corrected)); Doc. 4-4 at 2 ("On 9/23/20, I was released from the Restricted Housing Unit . . . and placed on CA Unit in cell 2013 with a cellmate and/or "double-celled" with another individual. This form/type of placement subjects me to immediate danger of contracting the COVID-19 virus . . . by being housed in a cell with another prisoner which creates the inability to practice social distancing.").)

Robbins next argues that the court committed a clear error of law by citing nonprecedential decisions of our court of appeals for the proposition that courts may dismiss complaints as untimely under the screening provisions of 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A "if the untimeliness is clear from the face of the complaint or the court has given the plaintiff notice and an opportunity to respond with respect to the timeliness issue." (Id. at 8 (citing Doc. 13 at 4)). Robbins argues this statement is contrary to controlling precedent stating that complaints may only be dismissed as untimely at the pleading stage if the untimeliness is apparent from the face of the complaint. (Id. at 9). This distinction is immaterial because the untimeliness of Robbins's claims is apparent from the face of his complaint. Hence, we find this is not an appropriate basis for reconsideration.

Robbins's fourth argument is that the court erred in finding that no controlling precedent applied statutory tolling to the time between an underlying incident and the plaintiff filing a grievance because both <u>Paluch v. Sec'y Pa. Dep't of Corrs.</u>, 442 F. App'x 690 (3d Cir. 2011) and <u>Wisniewski v. Fisher</u>, 857 F.3d 152 (3d Cir. 2017) did so. (Doc. 16 at 9-10).

Robbins misconstrues <u>Paluch</u> and <u>Wisniewski</u>. In <u>Paluch</u>, a prisoner plaintiff brought suit based on an alleged assault on September 9, 2004 and the district court dismissed several of his claims as untimely. <u>Paluch</u>, 442 F. App'x at 693-94. The court of appeals affirmed, noting in relevant part that the limitations period for the plaintiff's complaint was tolled from September 10, 2004, when he filed a grievance about the assault, to January 24, 2005, when his final administrative appeal was denied. <u>Id.</u> at 694. <u>Paluch</u> is distinguishable from the instant case because the plaintiff in <u>Paluch</u> filed a grievance the day after the assault in question, meaning that no time accrued towards the end of the limitations period before the filing of his grievance. <u>See</u> FED. R. CIV. P. 6(a)(1)(A) (noting that when a time period is stated in days, courts must "exclude the day of the event that triggers the period" when calculating the period).

In <u>Wisniewski</u>, a prisoner plaintiff who was employed as an inmate legal reference aide alleged that numerous defendants violated his constitutional rights after learning that he was assisting a "notoriously litigious" inmate in filing grievances against prison officials. <u>Wisniewski</u>, 857 F.3d at 154. The district court dismissed several of the plaintiff's claims as untimely, but the court of appeals reversed. The court noted that the limitations period is tolled while an inmate

pursues administrative relief and stated that the allegations of the plaintiff's complaint "did not rule out the possibility that the statute of limitations should have been tolled while Wisniewski exhausted his administrative remedies." Id. at 158. "For example," the court continued, "Wisniewski alleged multiple instances of retaliatory conduct from approximately April 2011 through November 2011, during which time he was also filing numerous related grievances." Id. Given this uncertainty, the court found that it was not apparent from the face of the complaint that the plaintiff's claims were untimely. Id.

Wisniewski does not hold that statutory tolling applies to the period between an underlying incident and the filing of a grievance. Instead, it stands for the well-established proposition that the limitations period is tolled while a prisoner pursues administrative remedies. See id. at 158. The Wisniewski court overruled dismissal of the case on timeliness grounds because it was not clear from the face of the complaint whether tolling applied to the facts of the case. But no such lack of clarity is present in this case: the court has found, and Robbins agrees, that he pursued administrative remedies from October 15, 2020 to February 9, 2021 and that the limitations period was tolled for the entirety of this period. (See Doc. 13 at 5). Robbins argues that tolling should also encompass the 22-day period between when he was removed from the RHU and when he filed his grievance on October 15, 2020, but Wisniewski and Paluch are silent on this point.

Finally, Robbins argues that our reliance on our prior decision in Edens constitutes legal error because our paraphrased statement of the Edens holding does not appear in Edens and because Edens was decided at the summary

judgment stage rather than the screening stage. (Id. at 10-11). Robbins argues this distinction is material because summary judgment proceedings are based on a full evidentiary record while screening reviews are based solely on the allegations in the complaint. (Id. at 11).

This argument is without merit. Our decision in this case summarized Edens in an explanatory parenthetical as "holding that [the] limitations period was tolled beginning on the date plaintiff filed [his] grievance and that seven calendar days that elapsed prior to filing the grievance were therefore deducted from the limitations period that remained after the statutory tolling period ended, meaning that plaintiff needed to file his complaint within 723 days of the statutory tolling period ending." (See Doc. 13 at 7 n.6). This is an accurate summary of Edens, where we stated the following:

> It is undisputed that Edens knew or should have known of the loss of his legal materials on December 23, 2015, when he spoke to defendant White. Therefore, the statute of limitations began running on that date. Absent any tolling, the limitations period would have expired on or about December 26, 2017. However, the period was tolled from December 30, 2015 through March 4, 2016, the time that Edens pursued administrative relief through the grievance process. When the limitations period began running again, there were approximately 723 days of the two-year filing period remaining, resulting in a required filing date of February 26, 2018.

<u>Edens</u>, 2020 WL 1531220, at *4.[1]

It is also immaterial that <u>Edens</u> was decided at the summary judgment stage. The court cited <u>Edens</u> for the legal rule that the limitations period for a Section 1983 claim is not tolled between the date of the underlying incident and the date the plaintiff files an administrative grievance. This rule applies at all stages of litigation; it is not limited to cases with a developed summary judgment record.

## IV.   <u>Conclusion</u>

We will deny Robbins's motion to alter judgment because he has not presented any meritorious arguments to reconsider our prior decision dismissing this case as untimely. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   June 8, 2023

---

[1] It appears that Robbins may also be arguing that the court erred because the wording of the explanatory parenthetical summarizing <u>Edens</u> did not directly quote <u>Edens</u>. (<u>See</u> Doc. 16 at 11 ("[T]he citing of this said specific excerpt within <u>Eden[s]</u> . . . would be a misapplication of law for said cited above excerpt is not found/identified and/or not located at the case citing specified by this Court."). This argument is frivolous. Paraphrasing the holding of a prior decision is a common and accepted practice in legal citations. <u>See, e.g.</u>, THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.5(a)(i), at 65 (Columbia L. Rev. Ass'n et al. eds. 21st ed. 2020).

EXHIBIT-B

## Rule 5

pending motion.[109] An untimely Rule 59(e) motion generally will not suspend the time for appeal,[110] nor, generally, will a second or later Rule 59(e) motion.[111] However, the trial court's ruling on a Rule 59(e) motion may change "matters of substance" or resolve a "genuine ambiguity" in the court's original order and, in those infrequent cases, a new judgment is recognized, from which a new Rule 59(e) motion (with appeal-period suspension effect) may be filed.[112]

### "Particularity" Requirement for Motion

All Rule 59(e) motions must satisfy the "particularity" requirement of Rule 7(b)(1).[113] Failure to do so may have dire consequences, including a loss of appeal-period suspension. Thus, a "skeleton" motion that fails to alert the court or the other litigants of the grounds for which an alteration or amendment is sought may be deemed improper and, thus, ineffective in suspending the appeal period.[123] In any event, a motion that idly asks that an earlier judgment be reconsidered (without more) is almost certainly to be denied.[124]

• *Appealing Correctly.* The filing of a timely, proper Rule 59(e) motion will suspend the time for filing an appeal from the original underlying *merits* ruling, and not just from the court's disposition of the Rule 59(e) motion itself[125] (but only if the appealing parties make that intent clear).[126]

### Motions for "Reconsideration"

The Rules do not expressly recognize motions for "reconsid-

[117]See Fed. R. App. P. 4(a)(4);
Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d 713, 745–46 (11th Cir. 2014).

[118]See Fed. R. App. P. 4(a)(4)(A).
See also Lebahn v. Owens, 813 F.3d 1300, 1304 (10th Cir. 2016).

[119]See Benson v. St. Joseph Reg'l Health Ctr., 575 F.3d 542, 546–47 (5th Cir. 2009); Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994). See generally Part VI, § 6.3 ("Successive Post-Trial Motions").

[120]See Andrews v. E.I. Du Pont De Nemours and Co., 447 F.3d 510, 516 (7th Cir. 2006) (noting exception, and that test is "whether the district court disturbed or revised legal rights settled in its . . . order").

[121]See Interra Corp. v. Henderson, 428 F.3d 605, 611 (6th Cir. 2005).

[122]See Tidano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757,

760–61 (7th Cir. 2001) ("if a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated"). But cf. Carlson v. CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014) (construing such filing to be only "extreme cases" with motions "completely devoid of substance").

[124]See Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014).

[125]See Andrews v. Columbia Gas Transmission Corp. 544 F.3d 618, 623 n.4 (6th Cir. 2008); Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002).

[126]See Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002) (appeal taken only from order denying Rule 59(e) motion will generally not extended appeal from underlying merits judgment); Correa v. Cruisers, a Div. of KCS Intern., Inc., 298 F.3d 13, 21 n.3 (1st Cir. 2002) (same).

---

fice received the filing timely.[111] Moreover, when an untimely Rule 59(e) motion is filed, but not objected to by the non-moving party, the timeliness objection may be deemed forfeited through waiver.[112] This can prove to be a shallow comfort, though, if the trial court grants the motion, the aggrieved party may receive meaningful relief, but if the trial court denies the motion, the aggrieved party's time for taking an appeal will almost certainly be already lost.[113]

### 3-Day Service Extension Does Not Apply

Because Rule 59(e) requires *filing* (not service) no later than 28 days after entry of judgment, the 3-day extension after service by mail or by certain other service methods does not apply.[114]

### Prisoner Plaintiffs

The prisoner "mailbox rule" has been adopted by some courts for Rule 59(e) motions. Consequently, a *pro se* prisoner's papers may be deemed filed when deposited with the post office.[115]

### Motion Suspends Appeal Period

Like Rule 59 motions for new trial, a timely-filed Rule 59(e) motion to alter or amend the judgment suspends the time for any party's appeal.[116] In multi-party cases, a timely-filed Rule 59 motion by any party suspends the appeal time for everyone.[117] A prematurely filed appeal during the pendency of a Rule 59 motion is held in abeyance until the date the district court resolves the

2010).
[111]See Shuler v. Garrett, 715 F.3d 185, 185–87 (6th Cir. 2013) (although filed electronically under the wrong docket number, clerk received a timely filing and no prejudice was caused).

[112]See National Ecological Foundation v. Alexander, 496 F.3d 466, 474–75 (6th Cir. 2007) (relying on Eberhart v. U.S., 546 U.S. 12, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) (per curiam); and Kontrick v. Ryan, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)). See also Mobley v. CIA, 806 F.3d 568, 578 (D.C. Cir. 2015).

[113]See Fed. R. App. P. 4(a)(4)(A).
See also id. advisory committee note (2016) (appeal time not re-started by untimely motion, even if district court had extended the due date or disposed of motion without explicit reliance on untimeliness, or if opponent consents or fails to object). Previously, the majority view among the courts of ap-

peals had migrated towards the same conclusion. See, e.g., Lizardo v. United States, 619 F.3d 273, 276–80 (3d Cir. 2010).

[114]See Williams v. Illinois, 737 F.3d 473, 475–76 (7th Cir. 2013); Albright v. Virtue, 273 F.3d 564, 567 (3d Cir. 2001).

[115]See Brown v. Taylor, 829 F.3d 365, 368–70 (5th Cir. 2016); Long v. Atlantic City Police Dep't, 670 F.3d 436, 440–45 (3d Cir. 2012).

[116]See Fed. R. App. P. 4(a)(4)(A)(iv).
See also Banister v. Davis, ___ U.S. ___, 140 S. Ct. 1698, 1703, ___ L. Ed. 2d ___ (2020) (once timely Rule 59(e) motion filed, "there is no longer a final judgment to appeal from"); Nutraceutical Corp. v. Lambert, ___ U.S. ___, 139 S. Ct. 710, 717, 203 L. Ed. 2d 43 (2019) (Rule 59(e) motion renders otherwise final decision not final).

[117]See Fed. R. App. P. 4(a)(4)(A).

EXHIBIT - C

ber 1, 1989; April 22, 1993, effective December 1, 1993; April 29, 1994, effective December 1, 1994; April 24, 1998, effective December 1, 1998.]

## FRAP 3.1  APPEAL FROM A JUDGMENT OF A MAGISTRATE JUDGE IN A CIVIL CASE [ABROGATED]

[Adopted March 10, 1986, effective July 1, 1986; amended April 22, 1993, effective December 1, 1993; abrogated effective December 1, 1998.]

## FRAP 4.  APPEAL AS OF RIGHT— WHEN TAKEN

### (a) Appeal in a Civil Case.

(1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

(B) When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)— the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(iii) No additional fee is required to file an amended notice.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

EXHIBIT-D

ber 1, 1989; April 22, 1993, effective December 1, 1993; April 29, 1994, effective December 1, 1994; April 24, 1998, effective December 1, 1998.]

## FRAP 3.1  APPEAL FROM A JUDGMENT OF A MAGISTRATE JUDGE IN A CIVIL CASE [ABROGATED]

[Adopted March 10, 1986, effective July 1, 1986; amended April 22, 1993, effective December 1, 1993; abrogated effective December 1, 1998.]

## FRAP 4.  APPEAL AS OF RIGHT— WHEN TAKEN

**(a)  Appeal in a Civil Case.**

(1)  *Time for Filing a Notice of Appeal.*

(A)  In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

(B)  When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

(C)  An appeal from an order granting or denying an application for a writ of error coram nobis is an appeal in a civil case for purposes of Rule 4(a).

(2)  *Filing Before Entry of Judgment.*  A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3)  *Multiple Appeals.*  If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4)  *Effect of a Motion on a Notice of Appeal.*

(A)  If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i)  for judgment under Rule 50(b);

(ii)  to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii)  for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv)  to alter or amend the judgment under Rule 59;

(v)  for a new trial under Rule 59; or

(vi)  for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

(B)(i)  If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii)  A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(iii)  No additional fee is required to file an amended notice.

(5)  *Motion for Extension of Time.*

(A)  The district court may extend the time to file a notice of appeal if:

(i)  a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii)  regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B)  A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C)  No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

(6)  *Reopening the Time to File an Appeal.*  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A)  the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B)  the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C)  the court finds that no party would be prejudiced.

153

EXHIBIT-C

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VERNON D.F. ROBBINS,

APPELLANT

V.

JOHN E. WETZEL, et al.,

APPELLEES

NOTICE OF APPEAL

CIVIL ACTION NO. 1:23-CV-0276

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN THAT VERNON D.F. ROBBINS, PLAINTIFF IN THE ABOVE NAMED CASE, HEREBY APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT FROM THE DISTRICT COURT'S ORDER RENDERED ON THE 8TH DAY OF JUNE, 2023, DUE TO THE DENIAL OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 59(e), AS WELL AS, THE DISTRICT COURT'S ORDER RENDERED ON THE 8TH DAY OF MAY, 2023, PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A, IN WHICH THE DISTRICT COURT ASSERTS THAT PLAINTIFF'S AMENDED COMPLAINT IS DISMISSED WITH PREJUDICE AS UNTIMELY. THE AFOREMENTIONED ORDER IS ATTACHED HERETO FOR THE RECORD.

DATE: 6·17·23

VERNON D.F. ROBBINS GK8880
1100 PIKE STREET
HUNTINGDON, PA. 16654-1112

1

EXHIBIT-E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Vernon D.F. Robbins,                  :
      Appellant                  :
      V.                               :
                         :      **Notice of Appeal**
John E. Wetzel, et al.,                  :      Civil Action No. 1:23-CV-0276
      Appellees                  :

### FEDERAL RULES OF APPELLATE PROCEDURE,
### RULE 10. THE RECORD ON APPEAL

A **Notice of Appeal** having been filed in this matter- it is hereby

**REQUESTED** that an **Order** be issued to furnish appellants with a copy of the

transcripts in this matter in accordance with **Fed.R.App.Proc. Rule 10(a)(1)**

through **(3)**. Appellant is proceeding pro se and In Forma Pauperis.

Date: 6 / 17 / 23

Vernon D.F. Robbins
GK8880
1100 Pike Street
Huntingdon,Pa.16654-1112

2

EXHIBIT-t

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Vernon D.F. Robbins,                          :
     Appellant                         :
     V.                                :
                                       :      **Notice of Appeal**
John E. Wetzel, et al.,                       :      **Civil Action No. 1:23-CV-0276**
     Appellees                         :

## APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

An **Appeal** having been filed in this matter, the **Appellant** hereby verifies

that he has been proceeding **In Forma Pauperis** pursuant to **28 U.S.C. § 1915** in

this matter and his circumstances have not changed other than the fact that he

now receives nominal income from prison wages that amount to no more than

**$17.00** per month.

WHEREFORE, Appellant prays this Honorable Court grant this application.


Date: 6 / 17 / 23

**Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon,Pa.16654-1112**

3

EXHIBIT ~ C    Case: 23-2051    Document: 13    Page: 22    Date Filed: 07/20/2023

## CERTIFICATE OF SERVICE

Plaintiff **Vernon D.F. Robbins** hereby **certifies** that he is, on this _17TH_ day

of _JUNE_ , **2023**, serving this **Notice of Appeal, Federal Rules of Appellate**

**Procedure, Rule 10.** The **Record on Appeal,** and **Application to Proceed In Forma**

**Pauperis on Appeal** upon the below persons which are indicated as follows:

**Office of the Clerk**
**United States District Court**
**Sylvia H. Rambo United States Courthouse**
**1501 North 6th Street, Suite 101**
**Harrisburg, Pa. 17102**

Date: _6 / 17 / 23_

**Vernon D.F. Robbins**
**GK8880**
**1100 Pike Street**
**Huntingdon, Pa. 16654-1112**

4



US POSTAGE $0.?
ZIP 18652
02
0000372161JUL

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

CERTIFIED MAIL

7022 0410 0001 4478 8455

OFFICE OF THE CLERK
U.S. COURT OF APPEALS, THIRD CIRCUIT
21400 U.S. COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA.
19106

JUL 2 0 2023
U.S.C.A.-3rd. CIR.

U.S.M.S.
X-RAY

HON. VERNON ROBBINS
GK8880
SMART COMMUNICATIONS / PA DOC
PO BOX 33028
ST. PETERSBURG, FL. 33733